IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESIGN BASICS, L.L.C., | ) | CASE NO. 8:13-CV-00125 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| CARHART LUMBER COMPANY; SCOTT | ) | |
| BRIAN CARHART; BRENDA KUHLMAN | ) | |
| CARHART; WILLIAM C. CARHART; and | ) | |
| MICHAEL HERBOLSHEIMER, | ) | |
| | ) | |
| Defendants. | ) | |

WHEREAS, during the course of this litigation, the parties or others may voluntarily produce, or be required to produce in discovery, documents and information which are confidential or proprietary in nature.

THEREFORE, it is hereby that the parties' joint motion, (Filing No. 7), is granted and a protective order is entered as follows:

1. The purpose of this Agreed Protective Order is to ensure that confidential or proprietary information and documents disclosed during this lawsuit are not used or disclosed by any party for any purpose other than the instant litigation.

2. To further this purpose, this Protective Order shall govern all documents, the information contained therein, and all information produced or disclosed during the lawsuit whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any non-party (with respect to such documents or information produced by the non-party) or Party to this Matter (the "Producing Entity")

to any Party (the "Receiving Party"). This Protective Order is binding upon the Parties to this Matter, including their respective corporate parents, subsidiaries, affiliates, successors and assigns, as well as their respective attorneys, agents, representatives, officers, employees and experts.

3. Under this Order, any Producing Entity or Party shall have the right to identify and designate as "Confidential" any document or other material produced or provided, or any testimony given in this Proceeding, if the Producing Entity or Party reasonably believes the testimony or discovery material (i) is not in the public domain (i.e., not generally known and not reasonably or readily ascertainable by proper means), and (ii) contains any trade secret, customer list, customer file or other confidential research, proprietary, personnel, development, financial, or commercial information which the Producing Entity or Party desires not be made public ("Confidential Information"). The Producing Entity or Party will designate a document or other material as "Confidential" if such Party has a good faith belief that the document or other material is entitled to confidential treatment.

4. Documents shall be designated as Confidential, if and as appropriate, by marking or stamping each page of any such document "Confidential". In lieu of marking the originals of documents, any Producing Entity or Party may mark the copies, including electronic copies, of such documents that are produced or exchanged.

5. In the case of interrogatory answers and responses to requests for admissions, if appropriate, the designation of "Confidential" shall be made by means of marking or stamping each page of any such document containing the information or by

a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential".

6. With respect to oral deposition testimony, any questions relating to information that a Producing Entity or Party considers to be Confidential Information may be so designated on the record by counsel for the Producing Entity or Party making that claim, at which point all persons not entitled to be privy to the information under this order will leave the room during the questioning regarding such information. The transcript of all such portions of the deposition so designated will be clearly marked by the reporter. The disclosure during the deposition of any Confidential Information to any Party representatives present at the deposition shall not be deemed a breach of this Protective Order if counsel for the Producing Entity or Party has not designated the information Confidential on the record at the deposition under this paragraph so that any persons not entitled to be privy to the information leave the room during the questioning regarding such information.

7. Within ten (10) business days of receiving the original copy or copy of a transcript or recording of a deposition (or written notification that the transcript is available), a Producing Entity or Party choosing to designate any portions of the transcript or recording as containing Confidential Information will notify all Parties in writing of such designation. A party receiving a transcript or recording of a deposition shall treat the transcript Confidential under this Order until the expiration of the above-referenced ten-day period for designation by letter, or until written designations are received, whichever comes first, except that the deponent may review the transcript of

3

372318.2

his or her own deposition during this ten-day period. Deposition exhibits shall be treated as "Confidential" to the extent they have been designated as either under this Order. This procedure set forth in paragraphs 6 and 7 with respect to oral deposition testimony may be applied in the case of oral deposition testimony of any Party, non-party or any person employed by, formerly employed by or acting on behalf of a Party to this action. The Parties may modify this procedure set forth in paragraphs 6 and 7 with respect to oral deposition testimony by mutual agreement without further order of the Court.

8. All Confidential Information shall be used by the Receiving Party solely for the purpose of this Proceeding and not for any other purpose unless required by law or permitted by Order of this Court.

9. No person shall disclose Confidential Information to any other person except as provided in this Protective Order. Information designated as "Confidential" pursuant to this Protective Order may be inspected and disclosed only to the following persons and only for the purpose of conducting this Matter:

(a) counsel of record representing a Party in this Matter, and their lawyers, employees or agents;

(b) independent experts or consultants and their staff retained by counsel of record to assist in this Matter;

(c) a Party's in-house legal counsel actively involved in assisting in the Matter or otherwise monitoring or advising in connection with the Matter;

4

372318.2

(d) Parties and directors, officers, or employees of a Party; provided, however, that Confidential Information shall be disclosed to the individual only to the extent necessary to perform work or provide testimony in connection with this Matter and no copies of Confidential Information shall be retained by such person after final resolution of this Matter;

(e) the author, addressees, and recipients of the document or information;

(f) former employees or agents of the Producing Entity when counsel for the Receiving Party believes in good faith that such former employees or agents were previously privy to the Confidential Information;

(g) the Court and any person employed by the Court;

(h) jurors;

(i) mediators and their staff;

(j) court reporters, stenographers, and video technicians, including but not limited to court reporters, stenographers, and video technicians involved in depositions or other out of court proceedings in connection with this Matter;

(k) photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this Matter (other than those persons already covered by paragraph 9(a)) provided that all Confidential Information are retrieved by the Party furnishing them upon final resolution of this Matter; and

(l) persons who, in addition to those identified above, are permitted access by order of the Court or upon prior written consent of the Party that designated the

5

372318.2

document or information as Confidential, after notice to all Parties and an opportunity to object, subject to all other provisions of this Protective Order.

10. Each person listed in paragraphs 9 (b), (d), (f) and (l), above to whom Confidential Information is disclosed shall be shown a copy of this Protective Order, and all such persons shall:

(a) agree to be bound and abide by the terms of this Protective Order;

(b) agree to not use such Confidential Information for any purpose other than for the purpose of this Matter;

(c) agree to not reveal such Confidential Information to any person other than a person authorized to receive such information under this Protective Order; and

(d) agree that, upon termination of his or her connection with this Matter, he or she will return all such Confidential Information, or certify in writing that all such Confidential Information has been destroyed, to the counsel or person who provided them in the first instance.

11. If any Party or counsel for any Party wishes to disclose any Confidential Information or Highly Confidential Information in any affidavits, briefs, memoranda of law, oral arguments, or other papers filed with the Court in this Proceeding, such filing, or the portion of the filing that contains the Confidential Information should be made under seal unless the Producing Party agrees that the Confidential Information need not be filed under seal. Sealed materials shall not become part of the public record. If any party wishes to file any un-redacted Confidential Information of another party, it shall

file said information with restricted access pursuant to the E-Government Act using the procedure set out in NE Civ. R. 5.3(c).

12. The parties shall not make or permit the making of more copies of any "Confidential Information" than are reasonably necessary for the conduct of settlement negotiations, discovery, or trial preparation of this case.

13. After final termination of this Matter including any appeals, outside counsel for a Receiving Party may retain one archival copy of discovery responses, deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, and other submissions to the Court which include Confidential contained therein. Within thirty (30) days after final termination of this Matter, including any appeals, all additional Confidential Information of a producing party in the possession, custody or control of a receiving party – or in the possession, custody or control of any person allowed access to such information under this Order – must either be: (a) returned to outside counsel for the producing party; or (b) destroyed and such destruction certified in writing to outside counsel for the producing party.

14. Under this Protective Order, a Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation, and shall not constitute an admission that any particular designation is proper. The Receiving Party may object to the designation of any document or material as "Confidential" by notifying the Producing Entity of the objection. The objection shall specify its grounds. In the event a Party objects, at any stage of the Proceeding, to the designation of a document or

7

372318.2

information as Confidential, the Parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting Party may, upon notice to all other Parties, apply to the Court for appropriate relief. The Producing Entity or Party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document or information is entitled to confidential treatment. If an application to the Court is made, the document or information shall continue to be treated as Confidential, as appropriate, until the Court enters an order determining otherwise.

15. The inadvertent or unintentional disclosure by the Producing Entity of Confidential Information, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. If a Party inadvertently or unintentionally produced any Confidential Information without marking or designating it as such in accordance with the provisions of this Protective Order, the Party may furnish a substitute copy properly marked along with a written notice to all Parties that such information is deemed Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Each Receiving Party must treat such information as Confidential, as appropriate, from the date such notice is received. Disclosure of such Confidential Information prior to the receipt of such notice shall not be deemed a breach of this Protective Order. This paragraph only relates to a Party's claim of confidentiality under this Protective Order and does not concern or govern the inadvertent or unintentional disclosure of

information that the Producing Entity may claim is otherwise subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege.

16. Nothing contained in this Protective Order shall affect the right, if any, of any Party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.

17. Nothing in this Protective Order shall prevent a Party from use of its own documents or information, nor from seeking discovery of any Confidential Information herein in any other action.

18. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties subject to approval of this Court.

19. All provisions of this Protective Order restricting the use, disclosure or communication of any Confidential Information shall continue to be binding on parties, and their successors, assigns and heirs, after the conclusion of this action.

Upon the court's review of the parties' discovery agreement, (as set forth above), including their agreement regarding the application of Rule 502 to their discovery processes,

IT IS ORDERED:

In accordance with Rule 502(d) and (e) of the Federal Rules of Evidence and the authority granted therein, the terms of the parties' discovery agreement are hereby ordered and enforceable against the parties herein and all persons in federal and state proceedings, including third parties.

July 16, 2013.

BY THE COURT:

*[signature]*
United States Magistrate Judge