IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESIGN BASICS, LLC,<br><br>                Plaintiff,<br><br>    vs.<br><br>CARHART LUMBER COMPANY, SCOTT BRIAN CARTHART, BRENDA KUHLMAN CARHART, WILLIAM C. CARHART, MICHAEL HERBOLSHEIMER,<br><br>                Defendants. | 8:13CV125<br><br>MEMORANDUM AND ORDER |

      The court convened an extensive hearing on the plaintiff's motion to compel, (Filing No. 31), and the defendant's motion for protective order (Filing No. 34). The plaintiff's motion seeks an order compelling "full disk imaging of Defendant's hard drives, including Defendant's POS server, secretaries' computers, UBS devices. . ." (Filing No. 31). The motion for protective order seeks relief from that request.

      Plaintiff argues that it is entitled to a full forensic image of the defendant's server, and every computer or computer data storage device or location used by the company and any of its employees. (See also, Filing No. 31-5 ("I still don't understand WHY you would think Plaintiff wouldn't want ALL THE HARD DRIVES, STORAGE DEVICES, CLOUD, USB DEVICES, ***EVERYTHING*** mirrored.")). Plaintiff's counsel states he litigates design misappropriation cases nationwide, and he always (except perhaps in a rare case) is granted the right to image a defendant company's entire computer system. After being afforded an opportunity to brief the issue and submit further evidence, Plaintiff's counsel cited no cases supporting this argument.

      Rule 26 (b)(2) of the Federal Rules of Civil Procedure addresses "Limitations on Frequency and Extent" of discovery of electronically stored information (ESI). Under Rule 26:

> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

During a telephonic conference on September 9, 2014, the court learned that the parties were embroiled in a dispute over the scope of imaging for the production of ESI, with the plaintiff claiming it was entitled to search all of the defendant's computers and electronic data, including secretary computers, and the defendant stating it had imaged the computers it believed may contain relevant information. The defendant did not believe the secretaries' computers fit this description, and those computers were not imaged.[1]

Upon consideration of the arguments, and after balancing the primary issues in this case (the alleged misappropriation of Plaintiff's blueprints and the Defendant's alleged profits from that misappropriation) against the Plaintiff's stated need to image

---

[1] Emails between secretaries and Defendant's customers would likely be relevant if the Plaintiff was alleging a misappropriation of Plaintiff's customer list. But the plaintiff is not making that allegation. Design Basics claims the defendant misappropriated Plaintiff's blueprints and designs. The computers of Defendant's draftsmen were imaged.

every computer or data storage device or location used by the defendant, the court ordered:

> Parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, including appropriate use of computer-assisted search methodology. To that end:
>
>> 1)   Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:
>>
>>> a. from more than ten (10) key custodians;
>>>
>>> b. that was created more than five (5) years before the filing of the lawsuit;
>>>
>>> c. from sources that are not reasonably accessible without undue burden or cost; or
>>>
>>> d. for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies), and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.  A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

(Filing No. 30, at CM/ECF pp. 1-2).  A hearing was set for October 3, 2014 to discuss any discovery issues remaining after the parties complied with the court's order.

The plaintiff's motion to compel, (Filing No. 31), was filed on September 26, 2014; the defendant's motion for protective order was filed October 10, 2014.  (Filing No. 34).  Based on the parties' submissions, the data on the computers of the defendant's company president and its draftsmen (11 computers) was copied in the summer of 2013,

(Filing No. 36-2; Filing No. 31-3), and was imaged by D4 using FTK Imager in February of 2014. (Filing No. 31-2, at CM/ECF p. 1). As to the D4 imaging,

> D4 consulted with [defense] counsel and it was agreed that a targeted collection would be the most cost-effective and efficient manner to copy potentially relevant ESI. D4 participated in interviews with counsel and each of the custodians to ascertain the location of all potentially relevant ESI. D4 also manually reviewed the file system of each custodians' computer looking for other locations of potentially relevant ESI. D4 then created a logical forensic image of each custodians' computer hard drive using Access Data Corp's FTK Imager software. The collected data was then processed. All "drawings" category documents were exported and provided in whole. All additional data was searched based on the search terms provided. All documents were loaded and setup for review in an online review tool.

(Filing No. 39-2, at CM/ECF p. 3). A status conference was held on October 17, 2014, at which time Plaintiff's counsel requested further briefing on the pending motions.

An additional hearing was set for November 12, 2014, and at the request of Plaintiff's counsel, was continued. The hearing was held today.

Although the issue before the court is whether the plaintiff is entitled to additional computer imaging, Plaintiff's counsel primarily argued that the defendant failed to fully and timely image its computers and servers, and therefore information has been lost. This argument addresses a potential motion for spoliation which is not (and may never be) before the court. When asked to specifically state what computers must still be imaged and why, Plaintiff's counsel did not answer the question. The plaintiff presented evidence, through its retained expert, that "secretary and assistant's computers are usually included in the ediscovery process because they frequently contain evidence relevant to the matter at hand." (Filing No. 39-2, at CM/ECF p. 6). This conclusory statement is not based on any factual analysis of the defendant's business operations. And when the court

4

asked if the plaintiff was arguing that it needed secretary computers imaged, Plaintiff's counsel did not answer the question.

Plaintiff appears entrenched in demanding the imaging of every computer or data storage location owned or used by the defendant, without regard to the expense of imaging those locations, searching the contents, and reviewing the search results for privilege, and without any informed factual analysis of which data sources would likely contain relevant information. In support of Plaintiff's position, its expert states:

> In the history of Setec Investigations and its experts being engaged in over 10,000 cases involving electronic investigations and ESI discovey, we have not seen an order limiting electronic discovery to a specific number of computers or "custodians of computers," given that relevant data can exist throughout a corporate infrastructure.

(Filing No. 39-2, at CM/ECF p. 6, ¶ 14). But the court did not limit the plaintiff to 10 custodians. Rather, it stated the plaintiff must show cause to expand beyond 10 custodians.

Plaintiff's demand for all of the defendant's computer data is consistent with the position of its expert, but it is not consistent with the balancing required under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.[2] Based on the arguments of counsel held today and the evidence of record, Defendant's counsel has provided both electronic and paper copies of all blue prints, has performed Plaintiff's requested search on the emails copied from the 11 computers, and has already invested many hours reviewing

---

[2] This court's language mirrors the discovery order created by Paul Grimm, United States District Judge for the District of Maryland and published by the Sedona Conference. See https://thesedonaconference.org/system/files/Judge%20Grimm%20Discovery%20Order.pdf. Judge Grimm's order is attached for the parties' and experts' reference, and is intended to implement the balancing process required in ESI cases under the federal rules. Judge Grimm, a "renowned expert on civil procedure," (Security Nat. Bank of Sioux City, Iowa v. Abbott Laboratories 299 F.R.D. 595, 597 (N.D. Iowa 2014)), is actively involved in judicial education on electronic discovery issues, both though the Sedona Conference and as an instructor at national educational conferences for federal judges.

thousands of documents for privilege. Defense counsel offered to produce the non-privileged emails to Plaintiff's counsel for his review, and has provided dates for taking the deposition of Defendant's president. (Filing No. 31-4). Plaintiff's counsel has neither reviewed the emails nor deposed anyone. This case is more than 18 months old.

In the end, the plaintiff failed to show good cause why additional computer data must be collected from the defendant. Taking into consideration the factors listed in Fed. R. Civ. P. 26(b)(2)(C), the court is convinced that allowing imaging of every computer or data storage device or location owned or used by the defendant, including all secretaries' computers, is not reasonable and proportional to the issues raised in this litigation.

Accordingly,

IT IS ORDERED:

1) The plaintiff's motion to compel, (Filing No. 31), is denied.

2) The defendant's motion for protective order, (Filing No. 34), is granted.

3) On or before January 5, 2015, the parties shall confer, complete and file the attached abbreviated Rule 26(f) Report.

4) Any additional motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

November 24, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

## DISCOVERY ORDER

Fed. R. Civ. P. 26(b)(2)(c) and 26(g)(1)(B)(iii) require that discovery in civil cases be proportional to what is at issue in the case, and require the Court, upon motion or on its own, to limit the frequency or extent of discovery otherwise allowed to ensure that discovery is proportional. This Discovery Order is issued in furtherance of this obligation. Having reviewed the pleadings and other relevant docket entries, the Court enters the following Discovery Order that will govern discovery in this case, absent further order of the Court or stipulation by the parties. This Discovery Order shall be read in conjunction with the Scheduling Order in this case, which provides discovery deadlines. *With respect to the limitations imposed in paragraphs 2 a & b, 5, 6 and 8, counsel are encouraged to confer and propose to the Court for approval any modifications that are agreeable to all counsel.*

1. *Disclosure of Damage Claims and Relief Sought.* Within fourteen (14) days of this Order, any party asserting a claim against another party shall serve on that party and provide to the Court the information required by Fed. R. Civ. P. 26(a)(1)(A)(iii) regarding calculation of damages. The party also shall include a particularized statement regarding any non-monetary relief sought. Unless otherwise required by the Scheduling Order, the disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i), (ii), and (iv) need not be made.

2. *Scope of Discovery – Proportionality.* Pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii), the discovery in this case shall be proportional to what is at issue in the case. To achieve this goal, and pursuant to Fed. R. Civ. P. 26(b)(1), discovery will be conducted in phases, as follows.

    a. *Phase 1 Discovery.* The first phase of discovery should focus on the facts that are most important to resolving the case, whether by trial, settlement or dispositive motion. Accordingly, the parties' Phase 1 Discovery may seek facts that are not privileged or work product protected, and that *are likely to be admissible* under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. Phase 1 Discovery is intended to be narrower than the general scope of discovery stated in Rule 26(b)(1) ("discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense," even if not admissible, if "reasonably calculated to lead to the discovery of admissible evidence" (emphasis added)). Discovery sought during Phase 1 Discovery may not be withheld on the basis that the producing party contends that it is not admissible under the Federal Rules of Evidence, if it otherwise is within the scope of discovery permitted by Rule 26(b)(1), as modified by this Order. Rather, a party from whom discovery is sought ("Producing Party") by an adverse party ("Requesting Party")

      must produce requested Phase 1 Discovery subject to any evidentiary objections, which must be stated with particularity.

   b. ***Phase 2 Discovery.***  Unless the parties stipulate otherwise, the Court, upon a showing of good cause, may permit discovery beyond that obtained under Phase 1 Discovery.  In Phase 2 Discovery, the parties may seek discovery of facts that are not privileged or work product protected, are *relevant* to the claims and defenses pleaded or more generally to the subject matter of the litigation, and are not necessarily admissible under the Federal Rules of Evidence, but are likely to lead to the discovery of admissible evidence.  A showing of good cause must demonstrate that any additional discovery would be proportional to the issues at stake in the litigation, taking into consideration the costs already incurred during Phase 1 Discovery and the factors stated in Rule 26(b)(2)(C)(i)–(iii).  If the Court determines that additional discovery is appropriate, the Requesting Party will be required to show cause why it should not be ordered to pay all or a part of the cost of the additional discovery sought.

3. ***Cooperation During Discovery.***  As required by Discovery Guideline 1 of the Discovery Guidelines for the United States District Court for the District of Maryland, D. Md. Loc. R. App. A (July 1, 2011), http://www.mdd.uscourts.gov/ localrules/LocalRules.pdf, the parties and counsel are expected to work cooperatively during all aspects of discovery to ensure that the costs of discovery are proportional to what is at issue in the case, as more fully explained in *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2009).  The failure of a party or counsel to cooperate will be relevant in resolving any discovery disputes, including whether the Court will permit discovery beyond Phase 1 Discovery and, if so, who shall bear the cost of that discovery.  Whether a party or counsel has cooperated during discovery also will be relevant in determining whether the Court should impose sanctions in resolving discovery motions.

4. ***Discovery Motions Prohibited Without Pre-Motion Conference with the Court.***

   a. No discovery-related motion may be filed unless the moving party attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally.  If the Court does not grant the request for a conference, or if the conference fails to resolve the dispute, then upon approval of the Court, a motion may be filed.

   b. Unless otherwise permitted by the Court, discovery-related motions and responses thereto will be filed in letter format and may not exceed five, single-spaced pages, in twelve-point font.  Replies will not be filed unless requested by the Court following review of the motion and response.

5. ***Interrogatories.***  Absent order of the Court upon a showing of good cause or stipulation by the parties, Rule 33 interrogatories shall be limited to fifteen (15) in number.  Contention interrogatories (in which a party demands to know its adversary's position with respect to claims or defenses asserted by an adversary) may be answered within fourteen (14) days of the discovery cutoff as provided in the Scheduling Order.  All other interrogatories will be answered within thirty (30) days of service.  Objections to interrogatories will be stated with particularity. Boilerplate objections (e.g., objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible

evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4).

6. *Requests for Production of Documents.*

    a. Absent order of the Court upon a showing of good cause or stipulation by the parties, Rule 34 requests for production shall be limited to fifteen (15) in number. An answer to these requests shall be filed within thirty (30) days of service, and any documents shall be produced within thirty (30) days thereafter, absent Court order or stipulation by the parties. Any objections to Rule 34 requests shall be stated with particularity. Boilerplate objections (*see* ¶ 5 above) and evasive or incomplete answers will be deemed to be a refusal to answer pursuant to Rule 37(a)(4).

    b. Requests for production of electronically-stored information (ESI) shall be governed as follows:

        i. Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:

            *a.* from more than ten (10) key custodians;

            *b.* that was created more than five (5) years before the filing of the lawsuit;

            *c.* from sources that are not reasonably accessible without undue burden or cost; or

            *d.* for more than 160 hours, *inclusive* of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies), and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

        ii. Parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, including appropriate use of computer-assisted search methodology.

7. *Duty to Preserve Evidence, Including ESI, that is Relevant to the Issues that Have Been Raised by the Pleadings.*

    a. The parties are under a common-law duty to preserve evidence relevant to the issues raised by the pleadings.

    b. In resolving any issue regarding whether a party has complied with its duty to preserve evidence, including ESI, the Court will consider, *inter alia*:

        i. whether the party under a duty to preserve ("Preserving Party") took measures to comply with the duty to preserve that were both reasonable and proportional to what

    was at issue in known or reasonably-anticipated litigation, taking into consideration the factors listed in Fed. R. Civ. P. 26(b)(2)(C);

    ii. whether the failure to preserve evidence was the result of culpable conduct, and if so, the degree of such culpability;

    iii. the relevance of the information that was not preserved;

    iv. the prejudice that the failure to preserve the evidence caused to the Requesting Party;

    v. whether the Requesting Party and Producing Party cooperated with each other regarding the scope of the duty to preserve and the manner in which it was to be accomplished; and

    vi. whether the Requesting Party and Producing Party sought prompt resolution from the Court regarding any disputes relating to the duty to preserve evidence.

8. ***Depositions.*** Absent further order of the Court upon a showing of good cause or stipulation by the parties, depositions of witnesses other than those deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall not exceed four (4) hours. Rule 30(b)(6) depositions shall not exceed seven (7) hours.

9. ***Non-Waiver of Attorney–Client Privilege or Work Product Protection.*** As part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney–client privileged or work product protected.

    In accordance with Fed. R. Evid. 502(d), except when a party intentionally waives attorney–client privilege or work product protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of attorney–client privileged or work product protected information pursuant to a non-waiver agreement entered into under Fed. R. Evid. 502(e) does not constitute a waiver in this proceeding, or in any other federal or state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Fed. R. Evid. 502(e). However, a party that produces attorney–client privileged or work product protected information to an adverse party under a Rule 502(e) agreement without intending to waive the privilege or protection must promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney–client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it.

                                                                                                           /S/

                                                                                                        Paul W. Grimm
                                                                                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESIGN BASICS, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>CARHART LUMBER COMPANY, SCOTT BRIAN CARTHART, BRENDA KUHLMAN CARHART, WILLIAM C. CARHART, MICHAEL HERBOLSHEIMER,<br><br>   Defendants. | 8:13CV125<br><br>**ABBREVIATED<br>RULE 26(F) REPORT** |

The following attorneys conferred to prepare this Report:

(Identify, for each party, the counsel who participated in preparing the Rule 26(f) Report).

The parties discussed the case and jointly make the following report:

**CASE PROGRESSION:**

A. Do any of the parties believe a planning conference would be beneficial and/or should be held before a final scheduling order is entered? _____
Explain. _____.

B. Experts.

 1) If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by _____.

 2) Experts and, unless otherwise agreed, expert reports shall be served by _____. Note: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

 3) Motions to exclude expert testimony on *Daubert* and related grounds will be filed by _____.

C.  Discovery.

   1)  Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by _____.

   2)  Depositions, whether or not they are intended to be used at trial, will be completed by _____.

D.  Motions to dismiss and/or for summary judgment will be filed by _____.

E.  This case will be ready for trial before the court by: (month, year) . The estimated length of trial is _____ days.

Dated: _____

_____    _____
Counsel for Plaintiff(s)                          Counsel for Defendant(s)

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.

s/_____