IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESIGN BASICS, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>CARHART LUMBER COMPANY, SCOTT BRIAN CARTHART, BRENDA KUHLMAN CARHART, WILLIAM C. CARHART, AND MICHAEL HERBOLSHEIMER,<br><br>          Defendants. | 8:13CV125<br><br>ORDER |

      Pending before me is Plaintiff's motion to amend the Complaint "to add claims against the Defendants for violations of the Digital Millennium Copyright Act ("DMCA") and to specifically name seventeen (17) additional copyrighted plans discovered after DB filed its original Complaint." (Filing No. 70, at CM/ECF p. 2).

      This lawsuit has been pending for two and a half years. The parties' Rule 26(f) Report was filed on August 20, 2013, (Filing No. 10), and within that report, the plaintiff stated: "If the facts warrant, the DMCA may be added as a cause of action," and represented that its motions to amend could be filed on or before December 31, 2013. (Filing No. 10, at CM/ECF pp. 2, 5). The court set an October 31, 2013 deadline for Plaintiff's filing of any motions to amend pleadings or add parties. (Filing No. 12).

      By no later than May 16, 2014, the plaintiff had received discovery allegedly supporting the claims it now wants to add. (Filing No. 70, at CM/ECF p. 4). At the parties' request, the progression order was extended three times in this case, (Filing Nos. 21, 61, & 67); two of those extensions occurring after the plaintiff received the discovery underlying its proposed 17 additional copyright claims and its DMCA claims. To keep this case moving and avoid persistent motion practice, at least five case progression

conferences were held before the undersigned magistrate judge. Neither party ever moved to extend the deadline for filing motions to amend the pleadings. Plaintiff's deadline for moving to amend has always been, and remains, October 31, 2013.

The case is scheduled to be tried on February 8, 2016, with a pretrial conference set for January 26, 2016.

Defendants' motion for summary judgment was filed on September 18, 2015. ([Filing No. 62](#)). Plaintiff moved for leave to amend the complaint on September 30, 2015, ([Filing No. 70](#)), and responded to Defendants' summary judgment motion on October 9, 2015. ([Filing No. 72](#)). Plaintiff filed no brief in support of its motion to amend, and it filed nothing to explain why the court should find good cause to extend the motion deadline. Defendants oppose Plaintiff's motion to amend the operative Complaint. ([Filing No. 74](#)).

## ANALYSIS

Nebraska Civil Rule 7.1(a)(1)(A) states:

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority. A party's failure to brief an issue raised in a motion may be considered a waiver of that issue. The brief must not recite facts unless supported as described in Nebraska Civil Rule 7.1(a)(2).

NECivR [7.1](#)(a)(1)(A).

Moving to add 17 new copyright claims plus a new statutory basis for recovery clearly raises a "substantial issue of law" for which briefing was required. But Plaintiff

2

filed no brief in support of his motion to amend. Applying this court's local rules, the court finds Plaintiff has abandoned the right to amend its complaint to raise the proposed new claims. NECivR 7.1(a)(1)(B) ("If the court concludes that a motion raises a substantial issue of law, . . . it may treat the failure to file a brief as an abandonment of the motion."); NECivR 39.2(c) ("[A] judge may treat a party's failure to file a brief or discuss an issue in a brief as an abandonment of that party's position on any issue not briefed or discussed.").

Perhaps more importantly, Plaintiff has failed to show good cause for filing an untimely motion to amend.

> Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Where there is "no change in the law, no newly discovered facts, or any other changed circumstance," the court will generally not find good cause to amend.

Cody Foster & Co., Inc. v. Urban Outfitters, Inc., 2015 WL 1981980, *1 (citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709 (2008)).

The text of Plaintiff's motion to amend confirms that it possessed the discovery needed to assert its proposed new claims at least 17 months ago. And it was contemplating adding a DMCA claim at the outset of this case, as confirmed by the Rule 26(f) Report filed over two years ago. Plaintiff has presented no evidence explaining why it failed to move to amend the pleadings before now. Indeed, there has been "no change in the law, no newly discovered facts, or any other changed circumstance," for well over a year.

Defendants' summary judgment motion is pending; Plaintiff's deadline for moving for summary judgment is October 19, 2015. The plaintiff has failed to show any good reason to permit a late amendment to the Complaint, and any such amendment would further delay the trial, create additional motion and perhaps discovery practice, prejudice Defendants, and disrupt the court's calendar and its consideration of the dispositive motion already before the court.

Accordingly, for all the foregoing reasons,

IT IS ORDERED that Plaintiff's motion to amend, ([Filing No. 70](#)), is denied.

October 16, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.