IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESIGN BASICS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV125 |
| | ) | |
| v. | ) | |
| | ) | |
| CARHART LUMBER COMPANY, | ) | **MEMORANDUM** |
| SCOTT BRIAN CARHART, | ) | **AND ORDER** |
| BRENDA KUHLMAN CARHART, | ) | |
| WILLIAM C. CARHART, and | ) | |
| MICHAEL HERBOLSHEIMER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Design Basics, L.L.C., ("DB") is in the business of publishing and licensing architectural designs. DB brings this copyright infringement action against the defendants ("Carhart")—who sell home building products and offer blueprint-drafting services—claiming that Carhart "made infringing copies of DB's house plans" and "may have built one or more infringing structures," or aided in doing so. Specifically, DB claims that Carhart "scann[ed], cop[ied], and/or reproduc[ed] unauthorized copies" of DB's house plans; "creat[ed] derivative works" from the plans; and "advertised, marketed and/or sold these or other infringing structures, or aided and abetted such activities." (Filing 1, Complaint.)

Carhart has filed a motion for summary judgment (Filing 62), arguing that DB's claims are barred by the Copyright Act's statute of limitations. Carhart has also filed a motion to strike (Filing 78) a declaration filed in conjunction with DB's opposition to Carhart's motion for summary judgment. Finally, DB has filed an objection (Filing 80) to Magistrate Judge Zwart's order denying DB's motion to file an amended complaint.

## I. UNDISPUTED MATERIAL FACTS

DB filed this lawsuit on April 18, 2013, alleging in its complaint that "DB first became aware that Defendants had violated its copyrights in one or more distinct ways" on April 20, 2010.[1] In an answer to an interrogatory that asked, "when and how Plaintiff first became aware that Defendant(s) had allegedly violated a copyright of Plaintiff," DB answered, "Carl Cuozzo was looking at different [Home Builders' Associations] in Nebraska for potential new clients to market to. He ran across the Carhart website on April 20th 2010 and noticed they marketed house plans. He then noticed the infringing plans and notified [DB's Chief Operating Officer]."

After the filing of this lawsuit, Carhart deposed Carl Cuozzo, DB's senior designer who also investigates potential infringement claims on behalf of DB. Cuozzo testified that he first ran across Carhart's website on February 24, 2010, at which time he "saw that they had some plans shown on their website." On that date, Cuozzo saw four "elevations [which] alerted [him] that there might be some infringing floor plans. Some of the elevations looked similar." When Cuozzo saw the elevations on Carhart's website on February 24, 2010, he was concerned "that they might be similar or substantially similar to Design Basics' plans." (Filing 63-2, Dep. Couzzo at CM/ECF pp. 16-17, 21.)

In Cuozzo's deposition, he testified that on February 24, 2010, he believed that Carhart's "Easy Living," "Meadow Brook," "Nebraskan," and "Redfield" plans were "substantially similar to," respectively, DB's "Logan," "Sinclair," "Rosebury," and "Gabriel Bay" plans. However, because Cuozzo "didn't have time" to further investigate at that time, he printed the portion of Carhart's website that contained the elevations and put the information "in the file."

---

[1] The parties agree on the facts set forth above for purposes of Carhart's motion for summary judgment. (*See* Filing 64, Defs.' Br. Supp. Mot. Summ. J. at CM/ECF pp. 2-7; Filing 72, Pl.'s Br. Opp'n Defs.' Mot. Summ. J. at CM/ECF pp. 3-11.)

Couzzo did not return to the Carhart website until April 20, 2010, when he "went back and looked at the floor plans and ran a history to see if any plans were purchased, had a license purchased with them." (*Id*. at CM/ECF p. 18.) On this date, Cuozzo learned that Carhart's "Nebraskan" plan actually infringed on DB's "Laramy" plan, and that Carhart's "Easy Living" plan actually infringed on DB's "Winter Woods" plan.

In February and March 2014—during the course of discovery in this matter—DB learned that Carhart had infringed upon an additional 17 of DB's copyrighted house plans. Magistrate Judge Zwart denied DB's motion to amend the complaint to add these additional infringements.

## II. PENDING MOTIONS

### A. Motion for Summary Judgment Based on Statute of Limitations

Carhart moves for summary judgment on its defense of the statute of limitations under 17 U.S.C. § 507(b), which provides: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b) (Westlaw 2016). The question, then, is when DB's "claim accrued."

The parties do not dispute that Congress has been silent regarding how to determine accrual under the Copyright Act. Plaintiff DB argues that the "discovery rule" applies. (Filing 72, Pl.'s Br. Opp'n Defs.' Mot. Summ. J. at CM/ECF pp. 16-31.) The Carhart defendants assert that the "occurrence rule" applies, but that DB's lawsuit is untimely under both the "occurrence rule" and the "discovery rule." (Filing 64, Defs.' Br. Supp. Mot. Summ. J. at CM/ECF pp. 10-20.)

3

### 1. Occurrence Rule

In the course of deciding whether the equitable defense of laches may bar relief on a copyright-infringement claim brought within § 507(b)'s period of limitations, the Supreme Court recently discussed when a copyright-infringement claim "accrues" for purposes of that statute: "when an infringing act occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014). Further, "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong," and each wrong constitutes a "claim" that "accrues" when the wrong occurs. Therefore, "each infringing act starts a new limitations period." *Id.* "Thus, when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts of the same or similar kind." *Id.* at 1970.

Applying this "occurrence" rule to this case, DB may "gain retrospective relief running only three years back from the date the complaint was filed." *Id.* Because DB's complaint was filed on April 18, 2013, it may recover for Carhart's alleged copyright infringement occurring on or after April 18, 2010.

### 2. Discovery Rule

The *Petrella* court specifically noted that, as an "alternative" to this "incident of injury" (or "occurrence") rule, nine Courts of Appeal have adopted a "discovery rule" in copyright-infringement cases, which starts the limitations period when "'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" *Petrella*, 134 S. Ct. 1962, 1969 n.4 (quoting *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3rd Cir. 2009); citing 6 W. Patry, *Copyright* § 20:19, p. 20-28 (2013) ("The overwhelming majority of courts use discovery accrual in copyright cases.")). Presumably because it was not necessary for

disposition of the case before it, the Court specifically stated that it had "not passed on the question" of whether the discovery rule applies in copyright cases. *Id.*

Both before and after *Petrella*, courts within the Eighth Circuit have uniformly applied the discovery rule in copyright-infringement cases. I shall do the same.[2] *Comcast of Illinois X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938 (8th Cir. 2007) (applying 17 U.S.C. § 507(b) to claim under Cable Communications Policy Act; "In federal question cases, the discovery rule applies in the absence of a contrary directive from Congress. Under this rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." (internal quotation and citation omitted)); *Asche & Spencer Music, Inc. v. Principato-Young Entm't, Inc.*, No. CV 15-3305, 2015 WL 7573884, at *4 (D. Minn. Nov. 24, 2015) (under 17 U.S.C. §

---

[2]I note that in a recent post-*Petrella* decision involving the federal Driver's Privacy Protection Act ("DPPA") and the "catch-all, four-year statute of limitations in 28 U.S.C. § 1658(a)," the Eighth Circuit Court of Appeals acknowledged that in federal-question cases, it has "[t]raditionally . . . applied the discovery rule as the default statute-of-limitations rule in the absence of a contrary directive from Congress." However, relying on two United States Supreme Court cases dealing with statutes of limitation in the federal Fair Credit Reporting Act and Investment Advisers Act, the Eighth Circuit Court of Appeals decided it must examine whether the "text, structure, and purpose of [the] limitations provision [in the DPPA] suggest[ed] that Congress may not have intended for the discovery rule to apply." *McDonough v. Anoka Cty.*, 799 F.3d 931, 942 (8th Cir. 2015). The *McDonough* court stated that in cases where it is evident that Congress may not have had such intent, courts should "determin[e] whether to apply the discovery or occurrence rule" by taking "into account the general policy underlying statutes of limitation, as well as equitable considerations relevant to the cause of action at hand." *Id.* Because *McDonough* was not a copyright-infringement case involving 17 U.S.C. § 507(b); because *McDonough* did not cite or discuss *Petrella* and whether it abrogates the discovery rule in copyright cases in the Eighth Circuit; and because the text of the provision at issue in *McDonough* contained both a general statute of limitations *and* an express discovery rule for some types of claims, I decline to deviate from the past practice in this circuit, which is to apply the discovery rule in copyright-infringement cases.

5

507(b), claims accrue when plaintiff discovers infringement); *Goldstein v. Giist*, No. CIV. 14-5026-JLV, 2015 WL 1476759, at \*7 (D.S.D. Mar. 31, 2015) (cause of action under 17 U.S.C. § 507(b) accrues "when a plaintiff knows of the infringement or is chargeable with such knowledge"); *Scott Breuer Const., Inc. v. Koch*, No. 12-CV-3182, 2014 WL 2893200, at \*1 (D. Minn. June 26, 2014) (parties agreed that discovery rule applied in determining when claim accrued for purposes of § 507(b); "'Under this rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation.'" (quoting *Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir. 2007)); *Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC*, 780 F. Supp. 2d 916, 920 (E.D. Mo. 2011) (cause of action accrues within meaning of 17 U.S.C. § 507(b) when "the plaintiff has knowledge of a infringement or is chargeable with such knowledge"); *Gleeson v. Jackson*, No. 1:05-CV-088, 2006 WL 462110, at \*2 (D.N.D. Feb. 24, 2006) ("A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge.")

It is undisputed that Carl Cuozzo, DB's senior designer, accessed Carhart's website on February 24, 2010, at which time he saw four elevations that looked "similar" to DB's plans, "alert[ing] [him] that there might be some infringing floor plans." Specifically, when Cuozzo saw the elevations for Carhart's "Easy Living," "Meadow Brook," "Nebraskan," and "Redfield" plans on Carhart's website on February 24, 2010, he was concerned "that they might be similar or substantially similar to Design Basics' plans." (Filing 63-2, Dep. Couzzo at CM/ECF pp. 16-17, 21.)

Although Cuozzo did not confirm his suspicions until April 20, 2010, because he claims he did not "have time" to further investigate on February 24, 2010, Cuozzo clearly had notice of Carhart's possible infringement of four specific DB plans on February 24, and he could have confirmed the existence of such infringement if he had continued to look further on Carhart's website that day, instead of simply filing the

material until he had more time. *See [Scott Breuer Const., 2014 WL 2893200](...)* (copyright statute of limitations began to run when plaintiff drove past home that looked "suspiciously" like copyrighted design and unsuccessfully asked permission to view home's interior and obtain copies of floor plan; suit filed four years later was untimely under 17 U.S.C. § 507(b)); [*Reeves v. Airlite Plastics, Co.*, No. 8:04CV56, 2005 WL 2347242, at *1 (D. Neb. Sept. 26, 2005)](...) (ERISA statute of limitations began running when account statement was delivered to plaintiff, despite fact that plaintiff deliberately refused to look at it; "Prohibiting a plaintiff from benefitting from his own 'willful blindness' at another party's expense . . . furthers the meritorious public policies underlying statutes of limitations.").

I find that the statute of limitations on DB's claims involving Carhart's posting on its website house plans that potentially infringed DB's copyrighted "Winter Woods," "Sinclair," "Laramy," and "Gabriel Bay" plans expired three years after February 24, 2010, the date of discovery. Therefore, DB's filing of those specific claims on April 18, 2013, was untimely, and Carhart's motion for summary judgment on its statute-of-limitations defense must be granted as to infringement related to the posting of those four specific plans on Carhart's website. However, DB's claims involving other possible acts of infringement related to those four house plans—such as reproducing unauthorized copies of the plans, aiding in the construction of infringing structures from those plans, and marketing or selling infringing structures derived from those plans—are not barred.

As to the remaining copyrighted house plans and plan books referenced in DB's complaint, I conclude that the complaint reasonably encompasses potentially infringing acts that occurred within the three-year period leading up to the filing of the complaint, so section 507(b) does not bar DB's claims against Carhart for its potential acts of copyright infringement that DB first discovered, or with due diligence should

have discovered, on or after April 18, 2010.³ *See Asche & Spencer Music, Inc.*, 2015 WL 7573884, at *4 ("claims for infringement continue to accrue so long as an infringing party continues to infringe" (citing *Petrella*, 134 S. Ct. at 1969)); *Goldstein*, 2015 WL 1476759, at *3 ("'[A]n infringement action may be commenced within three years of any infringing act, regardless of any prior acts of infringement; [courts] have applied the three-year limitations period to bar only recovery for infringing acts occurring outside the three-year period.'" (quoting *Kwan v. Schlein*, 634 F.3d 224, 228 (2nd Cir. 2011)); *Two Palms Software, Inc.*, 780 F. Supp. 2d at 920 (because each act of infringement is a distinct harm, § 507(b) "bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period").

## B. Motion to Strike

Carhart moves to strike (Filing 78) the declaration of Carl Cuozzo (Filing 73, Ex. A) because it directly contradicts his undisputed deposition testimony (Filing 63-2) made as a corporate representative in a Rule 30(b)(6) deposition, and the declaration was "offered in an attempt to contradict his previous deposition testimony and to prevent the issuance of summary judgment in Defendants' favor." (Filing 79, Defs.' Br. Supp. Mot. to Strike at CM/ECF p. 4.) DB counters that Cuozzo's declaration does not contradict his deposition testimony; rather, it "simply adds more detailed or contextual information." (Filing 82, Pl.'s Br. Opp'n Mot. to Strike and CM/ECF p. 5.)

---

³DB's complaint makes several "claims" that Carhart infringed—either willfully or non-willfully—upon DB's copyrights in seven house plans and various plan books by scanning, copying, and/or reproducing such plans; by creating derivative works therefrom; and by advertising, marketing, and/or selling infringing structures made from such plans, or aided and abetted such activities. DB's complaint does not allege a timeframe within which these acts of infringement allegedly occurred. (Filing 1, Complaint at CM/ECF pp. 4-6 (alleging eight counts of "willful" and "non-willful" infringement).)

I shall deny the motion to strike because the relevant portions of Cuozzo's declaration do not contradict his deposition testimony. As stated above, the parties do not dispute that Cuozzo testified by deposition that on February 24, 2010, he "saw that [Carhart] had some plans shown on their website" that were "substantially similar to" DB's plans—specifically, four "elevations [which] alerted [him] that there might be some infringing floor plans." Cuozzo further stated that on April 20, 2010, he learned that some of Carhart's plans "actually infringed" on some of DB's plans after he "went back and looked at the floor plans and ran a history to see if any plans were purchased, had a license purchased with them."

Cuozzo's declaration recounts the same information—that he visited Carhart's website on February 24, 2010, and saw "several elemental house plan elevation sketches" that "could be similar to some of DB's plans," but he learned of "actual infringement" on April 20, 2010. (Filing 73 at CM/ECF pp. 5-7.)

## C.  Objection to Magistrate's Order

Finally, DB objects (Filing 80) to Magistrate Judge Zwart's order (Filing 76) denying DB leave to amend its complaint to add claims under the Digital Millennium Copyright Act and to specifically name 17 additional copyrighted house plans that Carhart has allegedly infringed.  As Judge Zwart pointed out, DB was aware of its new claims at least 17 months before DB moved to amend the complaint, and it presented no evidence or brief explaining its delay.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2, I find that the challenged order is not clearly erroneous or contrary to law. *See* NECivR 7.1(a)(1)(B) ("If the court concludes that a motion raises a substantial issue of law, . . . it may treat the failure to file a brief as an abandonment of the motion."); NECivR 39.2(c) ("[A] judge may treat a party's failure to file a brief or discuss an issue in a brief as an abandonment of that party's position on any issue not briefed or discussed."); *Cody Foster & Co., Inc. v. Urban Outfitters, Inc.*, No. 8:14CV80, 2015

9

WL 1981980, at *1 (D. Neb. May 4, 2015) (Fed. R. Civ. P. 16(b)(4) requires that case management order setting progression deadlines may be modified only for good cause; movant's diligence is the "first consideration," and courts "will not generally find good cause to amend" absent a change in law, *newly* discovered facts, or changed circumstance (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709 (8th Cir. 2008)).

Accordingly,

IT IS ORDERED:

1.  Defendants' motion for summary judgment on its statute-of-limitations defense (Filing 62) is granted in part and denied in part as follows:

    (a) Defendants' motion for summary judgment (Filing 62) is granted *only* as to infringement claims related to the posting on Carhart's website of house plans that potentially infringed DB's copyrighted "Winter Woods," "Sinclair," "Laramy," and "Gabriel Bay" house plans;

    (b) Defendants' motion for summary judgment (Filing 62) is denied as to DB's other possible acts of infringement related to DB's copyrighted "Winter Woods," "Sinclair," "Laramy," and "Gabriel Bay" house plans, such as reproducing unauthorized copies of the plans, aiding in the construction of infringing structures from those plans, and marketing or selling infringing structures derived from those plans;

    (c) Defendants' motion for summary judgment (Filing 62) is denied as to Carhart's potential acts of infringement on the remaining copyrighted house plans and plan books referenced in DB's complaint that DB first discovered, or with due diligence should have discovered, on or after April 18, 2010.

2. Defendants' motion to strike (Filing 78) the declaration of Carl Cuozzo (Filing 73, Ex. A) is denied.

3. Plaintiff's statement of objections (Filing 80) to Magistrate Judge Zwart's order denying Plaintiff leave to amend its complaint is denied, and the Magistrate Judge's order entered on October 16, 2015, (Filing 76) is sustained and shall not be disturbed.

DATED this 3rd day of February, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge